**RAILWAY LABOR EXECUTIVES' ASSOCIATION, et al.**

v.

**The CITY OF GALVESTON, TEXAS acting By and Through the BOARD OF TRUSTEES OF the GALVESTON WHARVES, et al.**

Civ. A. Nos. G–87–359, G–87–386.

United States District Court, S.D. Texas, Galveston Division.

Nov. 4, 1987.

Supplemental Findings of Facts April 18, 1988.

---

William B. Birney, William G. Mahoney, John B. Clarke, Jr., Highsaw & Mahoney, Washington, D.C., Marc A. Zito, Jones & Granger, Houston, Tex., for plaintiffs.

A.L. Dent, III, Fulbright & Jaworski, Houston, Tex., Benjamin R. Powel, McLeod, Alexander, Powel & Apffel, Galveston, Tex., Kelvin J. Dowd, Slover & Loftus, Washington, D.C., for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

HUGH GIBSON, District Judge.

In the case *sub judice*, the Railway Labor Executives' Association (RLEA) seeks to enjoin defendant Galveston Wharves from consummating a sale/lease agreement with Galveston Railway, Inc. (GRI). Under the sale/lease agreement, Galveston Wharves will lease its track, land thereunder and appurtenances to GRI. Remaining railway assets will be sold to GRI.

RLEA claims that such an agreement, without prior notice and negotiation with employees, is a violation of Section 6 of the Railway Labor Act (RLA), 45 U.S.C. § 156. The following findings of fact and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52.

#### Findings of Fact

1. That the trackage at the wharf facility is a rail line and not a spur track or merely a switching track and the sale/lease of the railroad property requires authorization of the ICC.

2. That the ICC by its authorization approved the sale/lease transaction as applied for by the Galveston Wharves.

3. That the injunction sought in this case by the plaintiffs to forestall the consummation of the sale/lease would be contrary to the order of the ICC and constitute a collateral attack upon its approval of the very same transaction.

#### Conclusions of Law

1. That where the ICC acting within the compass of its regulatory or supervisory power to approve a sale/lease of railway property, a district court may not, by applying the RLA, injunctively maintain the status quo as provided in Section 6 where the effect would inhibit a transaction approved by the ICC. *See Railway Labor Execs.' Ass'n. v. Staten Is. R.R.*, 792 F.2d 7, 11–12 (2d Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 927, 93 L.Ed.2d 978 (1987).

2. Hence, the petition for injunctive relief is DISMISSED under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for injunctive relief upon which this Court may grant relief, and the temporary restraining order is DISSOLVED.

3. If any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. If any of the foregoing conclusions of law constitute findings of fact, they are adopted as such. The Court reserves the right to file supplemental findings of fact and conclusions of law with regard to the foregoing ruling.

### SUPPLEMENTAL FINDINGS OF FACT

The following supplemental findings are entered pursuant to the *per curiam* request made by the Fifth Circuit Court of Appeals on March 7, 1988.

#### Findings of Fact

1. The Galveston Wharves' rail facilities provide for the transportation of cargo between line haul rail carriers and sea-going vessels engaged in interstate and foreign commerce. The railroad operates five engines over approximately thirty-eight miles of track. The testimony shows, and the Court finds, that the performance of this function is an integral and vital part of the through movement of goods between line haul carriers and transporting vessels, which could not take place without the operation of the Galveston Wharves' rail

facilities. (Transcript at pp. 136–137; 139–140). That the railroad's operation might be deemed "switching" does not alter this fact.

2. The switching movement performed by the railroad in question here is not merely incidental to train movement. The railroad is engaged in switching freight cars between the lines of other railroads, and the wharves and port facilities. The service performed by the railroad in question is a "necessary link in the transportation under the through bill of lading." *Galveston Wharf Co. v. Galveston, Harrisburg & San Antonio Railway Co.*, 285 U.S. 127, 134, 52 S.Ct. 342, 344, 76 L.Ed. 659 (1932).

3. The facts demonstrate that the traffic movements which occur over the trackage of the Wharf facility "are part of the actual transportation haul from shipper to consignee" and that the trackage is a "rail line" and not a spur track or an exempt switching track within the meaning of 49 U.S.C. § 10907. *New Orleans Terminal Company v. Spencer*, 366 F.2d 160, 165–66 (5th Cir.1966).